### GERSTENDORFER BROS. v. UNITED SUPPLY CO.

Court of Appeals of District of Columbia.
Submitted March 13, 1928. Decided May 7, 1928.

No. 2039.

1. Trade-marks and trade-names and unfair competition ☞45½—Trade-marks "Samoline" and "Little Sammy Samoline" for cleaning material held not so similar to "Sapolin," used on paints and enamels, as to require cancellation.

Trade-marks "Samoline" and figure of boy attired in dress suit and designated as "Little Sammy Samoline," used on cleaning material for wood, metal, and other objects, *held* not so similar to word "Sapolin," used as trade-mark for paints, enamels, and varnishes, as to require cancellation, when considered with dissimilarity of use to which goods are appropriated.

2. Trade-marks and trade-names and unfair competition ☞44—Right to oppose registration of trade-mark used for more than 15 years without objection held lost by laches.

Owner of trade-mark, interposing no objection to use of similar trade-mark by another on different goods for more than 15 years, *held* to have lost any right to oppose registration by laches.

Appeal from the Commissioner of Patents.

Application by Gerstendorfer Bros., now, by reason of change of name, the Sapolin Company, Inc., for cancellation of registered trade-marks owned by the United Supply Company (The Samoline Corporation substituted). From a decision dismissing their petition, petitioners appeal. Affirmed.

Louis Alexander, of New York City, for appellant.

Fred Gerlach, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant, Gerstendorfer Bros., appeals from the decision of the Commissioner of Patents dismissing their petition for the cancellation of two registered trade-marks owned by appellee company. One mark, registered in 1913, consists of the word "Samoline"; and the other mark, registered in 1925, consists of a figure of a boy of the "Jackie Coogan" type, attired in a dress suit, and designated as "Little Sammy Samoline," associated with the word "Samoline." These marks are used as trade-marks for a cleaning material for wood, metal, and other objects.

Appellant petitioner's mark consists of the word "Sapolin," and is used as a trade-mark for paints, enamels, varnishes, laquers, wood stains, and furniture polish.

The petition is grounded upon the similarity of the marks and their use upon goods of the same descriptive properties to an extent that would be likely to cause confusion in trade.

[1] It was held by the tribunals below that the goods are not of the same descriptive properties, and that therefore there can be no likelihood of confusion. If the marks were exactly similar, this contention might have more force, but when we consider the dissimilarity of the marks and the dissimilarity of the use to which the goods are appropriated, we are of opinion that the likelihood of confusion is quite remote.

[2] Considering the doubt thus raised in connection with the fact that the trade-mark "Samoline" has been appropriated and used on the goods produced by appellee company for more than fifteen years, and that no objection was interposed by the petitioner company, we agree with the holding of the Commissioner that "under these circumstances this Office would not be justified in disturbing in any way at this time the registrant's rights respecting its trade-marks. If the petitioners ever had any right to oppose the right of the registrant to register its marks, such right of the petitioners has been lost by laches. France Milling Co. v. Washburn-Crosby Co. (C. C. A.) 7 F.(2d) 304;

White Rock Co. v. Akron Co. (C. C. A.) 299 F. 775; Rectanus Co. v. United Drug Co. (C. C. A.) 226 F. 554."

The decision of the Commissioner is affirmed.